Argued October 4, 1967, affirmed February 14, 1968

THE PACIFIC TELEPHONE AND TELE-
GRAPH COMPANY, *Appellant, v.* STATE
TAX COMMISSION, *Respondent.*

437 P. 2d 477

*Frederick H. Torp,* Portland, argued the cause for appellant. With him on the briefs were Davies, Biggs, Strayer, Stoel & Boley, John R. Hay, and Diarmuid F. O'Scannlain.

*Theodore W. deLooze,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

LUSK, J.

This case presents the same question as was decided today in *Pacific Power & Light Company v. State Tax Commission,* 249 Or 103, 437 P2d 473.

Plaintiff, Pacific Telephone and Telegraph Company, is a California corporation which, until July 1, 1961, was engaged in the telephone communications business in Oregon, Washington, and Idaho. On June 30, 1961, Pacific exchanged its properties in Oregon, Washington, and Idaho with Pacific Northwest Bell Telephone Company for certain securities, and since that date has ceased to do business in those states, but has continued to do business in California and Nevada.

Plaintiff computed its corporation excise tax for 1961 by applying the six per cent tax rate to 181/365's of its income earned during the first six months of 1961 and apportioned to Oregon. The Tax Commission ordered an additional assessment based upon application of the six per cent rate to the entire income earned in Oregon during such six-month period. The Tax Court entered a decree sustaining the Commission, 2 OTR 469. From that decree plaintiff appeals.

As in the *Pacific Power & Light Company* case, the Tax Court held that the plaintiff's taxable year was not the calendar year, but only that part of the year during which plaintiff was doing business in Oregon. As in the other case, we assume that plaintiff's taxable year was the calendar year, but hold, for the reasons there stated, that ORS 317.095 has no application to this case.

Plaintiff seeks to distinguish *Pacific Power & Light Company* because that case dealt with a taxpayer which ceased to exist, while here the taxpayer remains in existence and continues to do business, albeit in other states than Oregon. The argument, as we understand it, is aimed at the Tax Court's holding that plaintiff's taxable year was six months and not the calendar year. As we have not adopted the Tax Court's view of that question, the argument is abstract. The hypothetical case posed in plaintiff's reply brief to illustrate the possibility of loss of tax money to Oregon if the short period tax year were approved, is beside the point under our decision.[①]

The decree is affirmed.

---

[①] Plaintiff assumes the sale by it of all its Southern California operations on December 31, 1961, resulting in a gain of one billion dollars and apportionment of such income to Oregon of sixty-one million dollars under the three-factor formula prescribed by the Tax Commission's Regulation 314.280 (1)-(B). Plaintiff says "if * * * the statute does not apply and the taxable year is 6 months * * * *none* of the December 31, 1961 gain is brought into the formula." But under our decision the tax year is the calendar year and the income referred to *is* brought into the formula. There would then be income during a part of the year when the corporation was not subject to the excise tax and ORS 317.095 would be applied. It should be noted that the successor of that statute, ORS 317.096, expressly provides in subsection (4) (b): " 'Taxable year' means a 12-month fiscal or calendar year."